■ WILLIAM A. GODDIN, an Infant by ARTHUR GODDIN, JR., His Guardian ad Litem, Respondent, v. BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 5, TOWN OF COLONIE, ALBANY COUNTY, et al., Appellants.— Appeal by defendants from an order of the Supreme Court entered in Albany County, setting aside the verdict of $1,500 damages for personal injuries in a negligence action upon the ground of inadequacy and granting a new trial, unless defendants should stipulate to increase the verdict to $2,500. Plaintiff was 10 years old at the time of the accident. The medical and other proof of his injuries was not contradicted. He sustained (1) a fracture of the patella with separation of the lower one fourth and (2) a fracture dislocation of the epiphysis, which is the growth plate at the lower portion of the femur. The fracture dislocation was reduced without anesthesia at a physician's office. The infant was then hospitalized and the patella repaired by operation which consisted of suturing of the fragments and reapproximation of the parts. He was discharged from the hospital after six days. His leg was encased in an extension splint, from thigh to ankle, for 39 days, after which he was on crutches. Exercises necessarily undertaken to rehabilitate the muscles were described by the doctor as distinctly painful. He was under medical treatment or observation for nearly 11 months. On the trial, nearly two years after the accident, the operating surgeon could make no definite prognosis, in view of the child's age. He stated, in substance, that no permanent effect might follow the epiphyseal displacement or, on the other hand, that at a later date a disparity of growth in the leg or a change in the rate of growth might become evident. Upon this record, we may not disturb the Trial Justice's considered determination that the damages awarded are inadequate. Order affirmed, with costs to respondent. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of EMMA KIER, Respondent, against JOHN R. BAUGH, Doing Business as BAUGH'S PARK RESTAURANT, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for reargument, or in the alternative, for permission to appeal to the Court of Appeals denied, without costs. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

■ LEE JOHNSON, Respondent, v. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION OF OMAHA, NEBRASKA, Appellant.— Motion to resettle order granted. Order resettled. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.